IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

**JAMES VELASQUEZ**,

    Plaintiff,

vs.

**RKC LAND DEVELOPMENT, INCORPORATED**
a Florida For-Profit Corporation, and
**ROBERT K. CARTER, JR.**, individually,

    Defendants.
_____/

## COMPLAINT

**JAMES VELASQUEZ** ("Plaintiff"), by and through the undersigned counsel, hereby sues **RKC LAND DEVELOPMENT, INC.** ("RKC" or the "Company"), a Florida Profit Corporation and **ROBERT K. CARTER, JR.** ("Carter"), individually (collectively "Defendants") and alleges as follows:

## INTRODUCTION

1. This is an action for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiff seeks damages within this Court's jurisdiction, reasonable attorneys' fees and costs pursuant to the FLSA, and all other remedies allowable by law.

## PARTIES, JURISDICTION, AND VENUE

3. RKC is and was a Florida For-Profit Corporation conducting business in Palm Beach County, Florida from July 7, 2017 through June 1, 2020 (the "relevant period").

PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.pba-law.com · Phone (786) 485.5232

4.     During the relevant period, Robert K. Carter, Jr. was the President and Operator of RKC.

5.     Plaintiff was formerly employed by Defendants and performed work for Defendants in Palm Beach County, Florida.

6.     Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiff in this District, and the claims arose within the District.

## GENERAL ALLEGATIONS

### A. RKC's Business and Interstate Commerce

7.     RKC operates as a company specializing in property cleaning, importing/exporting of earth materials, construction of ponds and lakes, various removal of vegetation and construction, and other construction/removal services.

8.     RKC's gross annual revenue exceeded $500,000.00 during 2017, 2018, 2019, and is expected to exceed $500,000.00 during 2020.

9.     RKC customarily and regularly sold goods and services across state lines.

10.    RKC customarily and regularly marketed its' services across state lines, especially through use of online means.

11.    At all relevant times, RKC employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

12.    Upon information and belief, RKC obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic)

PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.pba-law.com · Phone (786) 485.5232

transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

13. RKC, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

14. RKC is an employer engaged in interstate commerce and subject to the FLSA.

**B. RKC's Employment and Failure to Properly Pay Plaintiff**

15. Plaintiff began working for Defendants during December 2017.

16. Plaintiff was hired to work for Defendants as a non-exempt machine operator. Plaintiff continued in this role until the end of his employment on June 1, 2020.

17. Plaintiff was paid an hourly rate of $18.00 which increased to $20.00 at the start of 2020.

18. During his employment, Defendants' timekeeping system consisted of providing Plaintiff a journal with carbon copy pages for him to notate his dates of work, work site locations, and daily work hours.

19. At the end of each week, Plaintiff turned in the original of each page and retained the carbon copy.

20. As such, Defendants, at all material times, had knowledge of Plaintiff's weekly work hours, yet still failed to tender proper payment.

21. Throughout Plaintiff's employment with Defendants, Plaintiff regularly worked at least fifty (50) to sixty (60) hours a week.

3 | Page

PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.pba-law.com · Phone (786) 485.5232

22. Throughout Plaintiff's employment, Plaintiff, and other employees, would work overtime hours for which Defendants paid the initial forty (40) hours with a check and overtime hours were paid, in cash, at the employees' straight/regular hourly rate. As such, Plaintiff, and other employees, are owed a halftime rate for each and every overtime hour worked.

23. During the final two months of Plaintiff's employment, he was required to work at sites much further away from Defendants' shop.

24. Plaintiff was required to drive to Defendants' shop in the morning, prepare for the day at the shop (approximately fifteen (15) minutes), and drive to the work site (approximately one-and-one-half hours).

25. At the end of the day, Plaintiff was required to drive back to Defendants' shop (approximately one-and-one-half hours), unload/unpack equipment and materials at the shop (approximately fifteen (15) minutes), and then drive home. This work site travel and "shop time" totaled nearly three and a half hours per day.

26. Defendants, however, would not permit Plaintiff to record this work site travel and "shop time" despite these activities constituting compensable work under the FLSA. This underreporting instruction clearly violates the FLSA. As such, Plaintiff was never paid *any* wages for this work.

27. Making matters worse, Defendants, during the last month (four (4) weeks) of Plaintiff's employment, failed to tender to Plaintiff *any* wages for overtime hours worked despite knowledge of those work hours.

28. Despite having knowledge of Plaintiff's work hours, RKC willfully and intentionally failed to properly Plaintiff with a proper overtime premium for each overtime hour worked.

29. Plaintiff remained employed by RKC until June 1, 2020.

30. RKC was responsible for recording Plaintiff's work hours, paying Plaintiff's wages, and ensuring compliance with the FLSA's requirement to calculate and tender overtime wages.

31. RKC was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

32. RKC intentionally refused to pay Plaintiff overtime wages he was owed under the FLSA.

C. **Robert K. Carter, Jr.'s Employment of, and Failure to Properly Pay, Plaintiff**

33. During the relevant period, Carter was the President and operator of RKC.

34. Carter was responsible for running the day-to-day operations of RKC.

35. During Plaintiff's employment, Carter was responsible for verifying the recording, calculating, and properly paying Plaintiff's work hours.

36. During Plaintiff's employment, Carter was responsible for handling the Company's payroll.

37. Carter intentionally refused to pay Plaintiff proper overtime wages that he was owed under the FLSA.

38. Carter is Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

## COUNT I
## OVERTIME VIOLATION BY RKC
## UNDER THE FAIR LABOR STANDARDS ACT

39. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 38 above as if fully set forth herein.

PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.pba-law.com · Phone (786) 485.5232

40. RKC's gross annual revenue exceeded $500,000.00 during 2017, 2018, 2019, and is expected to exceed $500,000.00 during 2020.

41. As part of its business, RKC purchased goods and materials that traveled through interstate commerce.

42. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

43. Upon information and belief, RKC obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

44. RKC, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

45. RKC advertised and/or marketed its services across state lines.

46. RKC is an employer engaged in interstate commerce and subject to the FLSA.

47. During his employment with RKC, Plaintiff worked overtime hours for which he was not compensated at a rate of no less than time-and-a-half his regularly rate of pay as required by the FLSA.

48. Indeed, there were weeks with RKC where Plaintiff was not paid any wages for his overtime hours.

49. RKC did not compensate Plaintiff for his overtime despite knowledge of the overtime hours Plaintiff worked.

50. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

6 | Page

PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.pba-law.com · Phone (786) 485.5232

51. In addition, RKC is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

    a. Enter judgment for Plaintiff against RKC under the FLSA;

    b. Award Plaintiff actual damages for the unpaid wages;

    c. Award Plaintiff liquidated damages;

    d. Award Plaintiff his attorneys' fees and costs;

    e. Award Plaintiff all recoverable interest; and

    f. Award any other relief this Honorable Court deems just and proper.

### COUNT II
### OVERTIME VIOLATIONS AGAINST CARTER UNDER
### THE FAIR LABOR STANDARDS ACT

52. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 38 above as if fully set forth herein.

53. Carter operated the day-to-day activities of RKC, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

54. During Plaintiff's employment with Defendants, Plaintiff consistently worked for Defendants over 40 hours per week.

55. During the relevant period, Carter was partially or totally responsible for paying Plaintiff's wages.

56. During his employment with Defendants, Plaintiff worked overtime hours for which he was not compensated at a rate of time-and-a-half his regularly rate of pay as required by the FLSA.

7 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.pba-law.com · Phone (786) 485.5232

57. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

58. Carter did not compensate Plaintiff for his overtime despite her knowledge of the overtime hours Plaintiff worked.

59. Carter is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Carter under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated:  July 7, 2020

                                Respectfully submitted,

By: */s/ Brody M. Shulman*_____
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Valerie B. Barnhart, Esq.
Florida Bar. No
valerie@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pba-law.com
**PERERA BARNHART ALEMAN**
12401 Orange Drive, Suite 123
Davie, Florida 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*

9 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.pba-law.com · Phone (786) 485.5232