IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-cv-81066-SMITH

JAMES VELASQUEZ,

      Plaintiff,

vs.

RKC LAND DEVELOPMENT, INC.
a Florida For-Profit Corporation, and
ROBERT K. CARTER, JR., individually,

      Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff **JAMES VELASQUEZ** ("Plaintiff") and Defendants **RKC LAND DEVELOPMENT, INC.** and **ROBERT K. CARTER, JR** ("Defendants")(collectively the "Parties"), by and through their respective undersigned counsel, hereby file this Joint Motion for Approval of Parties' Settlement Agreement and Dismissal with Prejudice in this Fair Labor Standards Act ("FLSA") case, with the Court reserving jurisdiction to enforce the terms of the settlement agreement, and in support jointly state the following:

1. On July 7, 2020, Plaintiff filed his Complaint against Defendants seeking overtime wage damages pursuant to the FLSA. [DE 1]. After service of the Complaint, Defendants' counsel contacted Plaintiff's counsel to discuss resolution. Thereafter, the Parties exchanged documents and their respective arguments. These discussions ultimately resulted in a resolution.

2. Defendants deny Plaintiff's allegations of unpaid overtime. Defendants contend that they fully complied with the FLSA, that Plaintiff was exempt under Section 213(b)(28) of the FLSA, and that Plaintiff's damages would be limited by 29 CFR § 790.5, the effect of Portal-to-Portal Act on the determination of hours worked.

3. To avoid the costs and uncertainty of litigation, however, the Parties have negotiated a settlement of this matter.

4. The settlement between Plaintiff and Defendants provides for final resolution of Plaintiff's FLSA claims, consideration for a general release, and for attorneys' fees and costs which were negotiated separately from Plaintiff's claims.

5. A copy of the Parties' settlement agreement will be submitted for *in camera* review. A proposed Order granting this Joint Motion will be filed simultaneously.

## MEMORANDUM OF LAW

### I. LEGAL FRAMEWORK

There are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the court with a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L. Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). The Eleventh Circuit has stated that the circumstances justifying court approval of an FLSA settlement in a litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit

> does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005); *Camp v. Progressive Corp.*, 2004 U.S. Dist. LEXIS 19172 (E.D. La. Sept. 23, 2004)(there is a "strong presumption in favor of finding a settlement fair)(citing *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977)); *See also Schottborgh v. Motor Car Concepts, II, Inc.*, 2009 WL 4730615, at *2 (M.D. Fla. Dec. 9, 2009) ("The Court should be mindful of the strong presumption in favor of finding a settlement fair.")

## II. THE OBSTACLES FACED BY PLAINTIFF

Plaintiff's recovery in this matter is very significant in light of the various legal barriers he would have to overcome to attain any financial recovery whatsoever.

### A. First Obstacle: The "Timber" Exemption

Defendants first argued that Plaintiff may be barred any recovery based on the exemption outlined in 29 U.S.C. 213(b)(28), which states: "any employee employed in planting or tending trees, cruising, surveying, or felling timber, or in preparing or transporting logs or other forestry products to the mill, processing plant, railroad, or other transportation terminal, if the number of employees employed by his employer in such forestry or lumbering operations does not exceed eight." If Defendants were successful in proving this exemption, Plaintiff's claims would be barred. The exemption inquiry hours would have come down to a question of credibility and extensive discovery.

### B. <u>Second Obstacle: Defendants' Maintenance of Work Records</u>

In this matter, Defendants contend they maintained proper time records of Plaintiff's work hours. Again, the inquiry into hours worked (and paid) would require comparisons of records, over the course of years, between the Parties. This vast document production and compounded would be amplified by party and non-party depositions.

### C. <u>Third Obstacle: The Limiting Nature Of Violations That Are Not Deemed Willful</u>

Assuming Plaintiff was able to evade any limiting defense by the Defendants' time records, Plaintiff would be met with another significant obstacle. The ordinary statute of limitations under the FLSA is only two (2) years. The only way Plaintiff could augment the statute of limitations period is if he were able to prove that Defendants' FLSA violations were "willful." Proving willfulness in the present case would be difficult in light of Defendants' good-faith belief that all hours were captured and paid, given the time records.

As a practical matter, the absence of a third year in the statute of limitations period would have a severely limiting effect in this case. If Plaintiff's potential recovery was limited to the standard two-year statute of limitations, a significant amount of Plaintiff's alleged damages would be struck. Furthermore, a lack of willfulness would further preclude Plaintiff's ability to recover liquidated damages. This would, in turn, further limit the scope of Plaintiff's recovery by another fifty (50%).

### D. <u>Fourth Obstacle: Postliminary and Preliminary Work Hours</u>

The final argument by Defendants is the limiting nature of the Portal-to-Portal Act where Plaintiff's damages may be reduced if it is determined the work hours sought involve non-compensable postliminary and preliminary activities. This, plus the other obstacles cited *supra*, were motivators in Plaintiff's decision to resolve this matter.

### III.   PLAINTIFF'S RECOVERY

The foregoing legal and factual analysis explains why Plaintiff was eager to accept the proposal that was ultimately memorialized through the Settlement Agreement. Plaintiff ran a substantial risk of losing this case altogether. Had he lost, Plaintiff would have faced an exposure of a cost judgment being entered against him. This was a very beneficial outcome under the circumstances. *See Steinhauser v. Elec. Energy Sys., Inc.*, No. 6:08-cv-1518, 2009 WL 1458031 (M.D. Fla. May 26, 2009) (approving settlement agreement where "[i]t appeared that further litigation of this case might have resulted in no recovery to Plaintiff at all").

Importantly, Plaintiff's FLSA claims, when Defendants' time and pay records are taken into account, would have resulted in Plaintiff's damages being far less than his original belief. Indeed, given those documents, the amount at issue for Plaintiff would have been less than what he ultimately resolved his wage & hour claims for. In other words, Plaintiff's recovery would have been far worse had he elected to proceed to a jury trial rather than resolve during the course of mediation. The Parties submit the settlement is reasonable. A copy of the Parties' fully executed Settlement Agreement will be submitted to this Honorable Court for *in camera* review.

### IV.   PLAINTIFF'S ATTORNEYS' FEES AND COSTS

In a suit brought by employees under the FLSA, the Court must determine whether the settlement "is a fair and reasonable resolution." *See Lynn's Food.,* 679 F.2d at 1352-53. at 1354. In doing so, the Court considers such factors as "(1) existence of fraud; (2) complexity of the case; (3) the point of the proceedings when the settlement occurs; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) counsel's opinion." *McHone v. Donald P. Hoekstra Plumbing, Inc.,* No. 10-60322-CIV, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010) (citing *Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)); *see also Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n,* 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). The "FLSA requires judicial

review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009). A copy of Plaintiff's counsel's attorney time and cost records will be submitted to this Honorable Court for *in camera* review.

### A. The Issue Of Attorneys' Fees And Costs Were Separately Negotiated.

The Parties represent that Plaintiff's attorneys' fees and costs were, at all times, negotiated separately from the amounts claimed by Plaintiff for his underlying claims and are not a function of any percentage of recovery. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16.

### B. The Lawyers Representing Plaintiff.

Plaintiff was represented by Valerie B., Esq. and Brody Shulman, Esq. The curriculum vitae for each attorney will be provided for *in camera* review.

As the Court will note, Ms. Barnhart is a Partner at Perera Barnhart Aleman, graduated with high honors from her law school, has a big firm background, and a history of publications and lectures on numerous legal issues. Ms. Barnhart is dedicated to labor and employment issues. Hourly clients regularly pay $350.00-$400.00 an hour for Ms. Barnhart's services.

Mr. Shulman is a partner at Perera Barnhart Aleman, P.A. and has also dedicated his entire career to the field of labor and employment law. Mr. Shulman has handled hundreds of labor and

employment matters and has served as lead counsel on many reported decisions. Hourly clients regularly pay $350 an hour for Mr. Shulman's services.

A sample of documents showing the payment of the rates above will be sent for *in camera* review. *See Mayson v. Pierce*, 806 F.2d 1556, 1557 (11th Cir. 1989) (noting that billing rates charged to other clients is evidence of the reasonable hourly rate).

Recently, the Honorable Magistrate Judge Alicia O. Valle granted a Joint Motion for Settlement Approval in an FLSA matter and approved the hourly rates of $350.00 for Brody M. Shulman, Esq. *See Bolton v. Rock N Massage, Inc., et. al.,* case no.: 19-cv-60008-AOV (S.D. Fla. May 8, 2019); *Giannola v. D&S Management Services, Inc*., et. al. case no.: 19-60754-cv-Altman (S.D. Fla. July 9, 2019). Further, the Honorable Magistrate Judge Jonathan Goodman approved Ms. Barnhart's hourly rate in the FLSA matter of *Martin v. Law Office of Daniel M. Keil, P.A., et. al.,* case no.: 19-cv-22037-MGC.

## C. Analysis Of Various Factors

Counsel for the Parties note there is not existence of fraud or collusion in this matter. The settlement here is the negotiated result of an adversarial proceeding, which itself is an indication of its fairness.

This matter was not a straightforward FLSA matter, but rather, involved complex legal and factual facts along with the factual disputes. As stated *supra*, the factual and legal issues included recordkeeping, exemption, and compensable work hour disputes. Moreover, issues regarding operational control and liquidated damages would be heavily litigated if this matter did not resolve.

As noted above, the range of recovery in this case was threatened by significant obstacles.

Finally, counsel for both Parties agree this settlement is eminently fair and reasonable given the factual and legal disputes discussed in this Motion.

**WHEREFORE**, the parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement, (2) dismissing this action with prejudice, and (3) reserving jurisdiction to enforce the terms of the parties' Settlement Agreement.

Respectfully submitted on August 13, 2020

| | |
|---|---|
| By: */s/ Brody M. Shulman*<br>Valerie Barnhart, Esq.<br>Florida Bar No. 88549<br>E-mail: valerie@pba-law.com<br>Brody M. Shulman, Esq.<br>Florida Bar No. 092044<br>E-mail: brody@pba-law.com<br><br>**PERERA BARNHART ALEMAN**<br>12401 Orange Drive<br>Suite 123<br>Davie, FL 33330<br>Telephone: (786) 485-5232<br>*Attorneys for Plaintiff* | By: */s/ Michael A. Pancier*<br>Michael A. Pancier, Esquire<br>E-mail: mpancier@pancierlaw.com<br>Florida Bar No. 958484<br><br><br><br>**Law Offices of Michael A. Pancier**<br>9000 Heridan Street, Suite 93<br>Pembroke Pines, FL 33024<br>Tel: 954-862-2217<br>Fax: 954-862-2287<br>Mobile: 305-778-0445<br>*Counsel for Defendants* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

By: */s/ Brody M. Shulman*
Brody M. Shulman, Esq.